

Rafael Rivera Cruz, Old San Juan, P.R., pro se.

William Feliciano Ruiz, Ponce, P.R., for creditor Agueybana Condominium.

Luis M. Roman, Santurce, P.R., for creditor Amy P.R. Inv. Inc.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

The crucial issue pending before the Court is the validity of a clause included in the master deed of debtor's property which prohibits the leasing of the apartments by the owners for less than thirty (30) days.

The parties were heard on this issue on October 20, 1987 (docket No. 27). On October 28, 1987, creditor Agueybana Condominium filed a Memorandum (docket No. 25) requesting full payment of the maintenance fees in arrears alleging that the claim is a priority debt. On November 6, 1987 the debtor filed a motion moving the Court to declare null and void the master deed of the Agueybana Condominium on the grounds that the clause which prohibits the owners to lease their apartments for less than thirty (30) days is not valid and deprives the debtor of his property rights.

**In re Rafael RIVERA CRUZ, Debtor.**

**Bankruptcy No. B-86-02344(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

Feb. 16, 1988.

The same issue was also raised in debtor's reply (docket No. 30) to the memorandum filed by the Agueybana Condominium.

The Court being fully advised on the premises and pursuant to the provisions of Bankruptcy Rule 7052 now enters the following findings of fact and conclusions of law.

### Factual Background

On December 16, 1986 the debtor filed for relief under Chapter 13 of the Bankruptcy Code. Scheduled in the list of creditors is Asociación Núcleo Agueybana ("Asociación"). The amount that appears scheduled as owed to the Asociación is $1,500.00, "disputed."

On March 9, 1987 the Asociación filed a motion opposing debtor's proposed Chapter 13 plan (docket No. 8) on the grounds that the amount scheduled was incorrect, that the amount owed was for maintenance fees of debtor's two apartments that were in arrears since October 1984, and further, that pursuant to the applicable state law, the Asociación is a secured creditor, Sections 1291–1294, Title 31 of the Laws of Puerto Rico Annotated ("L.P.R.A."), (see also, docket No. 25).

The debtor opposed the aforementioned motion filed by the Asociación (docket No. 8) alleging that the clause included in the master deed of the condominium prohibiting the owners to lease the apartments for less than thirty (30) days is not valid and that this type of restriction will make the master deed null and void on grounds that excessive regulation will be tantamount to depriving the owner of its property rights (see, dockets No. 9 and 30).

The debtor admits that he has refused to pay the maintenance fees since the Asociación approved a resolution to enforce the clause prohibiting the leasing of the apartments for less than thirty (30) days. The Asociación also approved another resolution suspending the utilities (water and electricity) to those property owners that have their maintenance payments in arrears. Consequently, the debtor now avers that as a result of this resolution he has been deprived of his property rights.

### Conclusions of Law

### Horizontal Property

The validity of a contract clause is a matter to be resolved pursuant to the applicable state law. In the instant case the applicable statute is the Horizontal Property Act of Puerto Rico, 31 L.P.R.A. § 1291 et seq.

Section 1291, 31 L.P.R.A. provides in its relevant part that:

"... The deed establishing the horizontal property regime shall clearly and precisely *state the use* to which all the area included in the real property shall be devoted and once it is established, said use may only be changed by the unanimous consent of the co-owners." (Emphasis supplied).

Section 1291m, 31 L.P.R.A. provides in its relevant part that:

"The *use* and enjoyment of each apartment shall be subject to the following rules:

(a) *Each apartment shall be devoted solely to the use assigned to it* in the deed to which section 1291 of this title refers.

(b) ...

(c) *Apartments shall not be used for purposes contrary to law, morals or normal behavior.*

(d) ...

(e) Every co-owner *shall contribute* in accordance with the percentage of the share allotted to his apartment in the deed of constitution and with the special provisions established under subdivision (e) of section 1293b of this title, to the common expenses for the adequate maintenance of the property, its services, taxes, liens and liabilities.

(f) ...

(g) ...

(Emphasis supplied).

Section 1293b(g), 31 L.P.R.A. empowers the council of co-owners to adopt the necessary and advisable measures for the best common service to the community.

Section 1293c, 31 L.P.R.A. provides in its relevant part that:

"The co-owners of the apartments are *bound to contribute* pro rata toward the expenses of the administration, maintenance and repair of the general common elements of the property, and in the proper case, of the limited common elements, as well as toward any other expenses that may be lawfully agreed upon.

*No co-owner may exempt himself* from contributing toward such expenses by waiver of the use or enjoyment of the common elements or by abandonment of the apartment belonging to him." (Emphasis supplied).

Lastly, Section 1293d provides for the preference of creditors that:

"The credit against any co-owner for his share in the expenses to which section 1293c of this title refers *shall have preference* over any other credits of whatever nature but the following:

(a) Credits in favor of the Commonwealth and the corresponding municipality for the bases of the last five annual assessments and the unpaid current one, overdue and unpaid on the apartment.

(b) For two years premium on the insurance of the apartment, or of the whole property, as the case may be, and in the case of mutual insurance, for the last two dividends distributed.

(c) Mortgage credits recorded in the Registry of Property." (Emphasis supplied).

*See* also, *Maldonado v. Consejo de Titulares,* 111 D.P.R. 427 (1981); *Asoc. de Condómines v. Naveira,* 106 D.P.R. 88 (1977).

In the instant case, the debtor appears to be the owner of two apartments at the Agueybana Condominium, which are ruled by the aforementioned Horizontal Property Act of Puerto Rico, 31 L.P.R.A. § 1291 et seq. The master deed that constitutes the real property known as Agueybana Condominium to the horizontal property regime was executed on July 13, 1973 in San Juan, Puerto Rico before Silvestre M. Miranda,

authorized notary public. Said master deed contains a clause (page 67) in which the appearing party Intercontinental Investments, Inc., owner of the real estate known as Agueybana Condominium reserved its rights to lease and operate the apartment units as a condo-hotel to those owners that so wish. However, the immediately following clause on that same page 67 of the master deed prohibits the leasing of the apartments by their owners for a period of time of less than thirty (30) days, unless the lease is transacted by a condo-hotel organized operation, once said operation is administered in its entirety by one corporation, agent or entity.

The debtor questions the validity of the latter clause and argues that this type of regulation can be interpreted as excessive and as a restriction to his property rights. In order to support this argument, the debtor cites the recent U.S. Supreme Court decision, *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, California,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). We disagree.

It is well settled that pursuant to the provisions of the Civil Code of Puerto Rico, the "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations" (31 L.P.R.A. § 2994); and, that the "validity and fulfillment of contracts cannot be left to the will of one of the contracting parties" (31 L.P.R.A. § 3373).

A careful review of the record shows that the debtor bought the apartments pursuant to the provisions of the applicable law and subject to the conditions included in the master deed. The fact that some of the conditions and the measures taken by the Asociación to enforce those conditions may not be convenient to the debtor does not by itself invalidate the master deed. When the debtor agreed to purchase the apartments at the Agueybana Condominium, the same were subject to the conditions specified in the master deed and the applicable law. None of the conditions included in the master deed are contrary to

the law, morals or public order. On the contrary, the clause in question is directed to prevent the use of the apartments for other than the ones designated in the master deed. To limit the term of leases to more than thirty (30) days is a valid and reasonable measure to control the apartments' atmosphere and setting. Therefore, we find that the clause prohibiting the leasing of the apartments by the owners for less than thirty (30) days, unless it is done as specified in the master deed, does not deprive the debtor of his property rights.

### Maintenance Fees

█ The debtor refused to pay the maintenance fees and the Asociación suspended the service of the utilities (water and electricity) of debtor's apartments. The Supreme Court of Puerto Rico ruled on this issue in the case of *Maldonado v. Council of Co-owners,* Vol. 11 of the Official Translations of the Opinions of the Supreme Court of Puerto Rico, page 529 (1981). In *Maldonado,* the Court held that:

"... The survival of the regime [horizontal property] is continuously threatened by co-owners who try to fully enjoy the general common elements without paying the maintenance fees. *Supra,* at page 530.

... Today, no one would call property rights 'sacred', as so often occurred in the past century. Today *property has a social function,* which is to serve society and not its owner exclusively. *Supra,* at page 532.

... The *power to suspend* the services derived from the general common elements is *not* in contravention of law, morals or public order; much to the contrary, it tends to fully implement the public policy contained in the Horizontal Property Act of Puerto Rico." *Supra,* at page 534. (Emphasis supplied).

This Court fully concurs with the above analysis and concludes that the Asociación did not deprive the debtor of his property rights by suspending the service of the utilities (water and electricity) in debtor's apartments upon debtor's failure to pay the maintenance fees.

### Sale of Property

It is settled that when a property subject to the horizontal property regime is sold, both the seller and the buyer are *jointly liable* for the maintenance fees that are in arrears. In *Association of Co-owners v. Naveira,* Vol. 106, Puerto Rico Reports, 100, 107–108 (1977), the Supreme Court of Puerto Rico held that:

"The *legislative intent* to strengthen the *joint liability* between the co-owner debtor and the acquirer of the apartment for common expenses unpaid up to the time of the conveyence and which is extensive to successful bidders, is inferred from the all-embracing wording of Art. 41 even in its original text of 1958 where the lawmaker discarded the exemption provided for the acquirer in an involuntary sale pursuant to the F.H.A. Model Statute, § 23(b)....

The text of Art. 41 (31 L.P.R.A. § 1293e) before and after the amendment introduced by Art. No. 157 of June 6, 1976, imposes *joint liability* for the amounts due by the owner upon the *voluntary* acquirer, such as a conventional purchaser, a donee, a permutant or a bidder who obtains the award at the auction. Those who become owners of apartments by exercising the preferred credit established in subdivisions (a), (b), and (c) of Art. 40 (31 L.P.R.A. § 1293d) are *"involuntary"* acquirers and therefore, they are exempt from the liability for the common expenses of the condominium. The well-founded reasons for this distinction between *voluntary* and *involuntary* acquirer lies on the different interests of one and the other. The voluntary purchaser is a person who, fully aware of the liens and encumbrances of the apartment, acquires it because it is a good deal. The involuntary acquirer is originally a creditor whose main interest is not to become the owner of the apartment but to protect his credit which has been generally constituted before the accrual of the debt for common expenses of the condominium." (Emphasis supplied).

█ In the instant case there is a proof of claim filed by the Asociación for mainte-

nance fees in arrears and further, the Asociación has objected to the confirmation of debtor's proposed plan. Moreover, the record shows that the debtor has filed two applications requesting authorization to sell property (dockets No. 17 and 21) and that oppositions have been filed thereto. Although the record also shows that the debtor moved the Court to withdraw the aforementioned applications and the same were granted, this Court now finds that any sale of debtor's apartments at the Agueybana Condominium must be made pursuant to the provisions of the Horizontal Property Act of Puerto Rico, 31 L.P.R.A. § 1291 et seq., and that the debtor herein is jointly liable with the purchaser of the property for the arrearage of the maintenance fees.

### Conclusion

In view of the foregoing, debtor's motion requesting that the master deed of debtor's property be declared null and void on grounds that the deed includes a clause which prohibits the leasing of the apartments by the owners for less than thirty (30) days, is hereby denied. It is further

ORDERED that the debtor pays the maintenance fees in arrears.

SO ORDERED.